**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION**

SEREYRATH VAN,                               )
                                             )
                 Petitioner,                 )    Civil Action No. 3:25-cv-00322
                                             )
        vs.                                  )
                                             )
LEONARD ODDO, IN HIS OFFICIAL                )    United States Magistrate Judge
CAPACITY AS WARDEN OF                        )    Christopher B. Brown
MOSHANNON VALLEY                             )
PROCESSING CENTER; BRIAN                     )
MCSHANE, IN HIS OFFICIAL                     )
CAPACITY AS ACTING FIELD                     )
OFFICE DIRECTOR OF THE                       )
IMMIGRATION AND CUSTOMS                      )
ENFORCEMENT, ENFORCEMENT                     )
AND REMOVAL OPERATIONS                       )
PHILADELPHIA FIELD OFFICE;                   )
KRISTI NOEM, IN HER OFFICIAL                 )
CAPACITY AS SECRETARY OF THE                 )
DEPARTMENT OF HOMELAND                       )
SECURITY; AND PAM BONDI, IN                  )
HER OFFICIAL CAPACITY AS                     )
ATTORNEY GENERAL OF THE                      )
UNITED STATES;                               )
                                             )
                                             )
                 Respondents.                )

**MEMORANDUM OPINION CONDITIONALLY GRANTING PETITION
FOR WRIT OF HABEAS CORPUS, ECF NO. 1[1]**

**Christopher B. Brown, United States Magistrate Judge**

---

[1]      All parties have consented to full jurisdiction before a United States Magistrate Judge, including entry of a final judgment, under 28 U.S.C. § 636(c). *See* ECF Nos. 8 and 13.

Petitioner Sereyrath Van ("Van"), who is currently in immigration detention at Moshannon Valley Processing Center ("MVPC"), has filed a verified counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He has been detained in the custody of the United States Immigration and Customs Enforcement ("ICE") since August 15, 2024. *Id.*, ¶ 2. He seeks his immediate release or, in the alternative, an individualized bond hearing on the grounds his detention violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559, 701-706, the *Accardi* doctrine,[2] the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537, the INA's implementing regulations, and the Due Process Clause of the Fifth Amendment to the United States Constitution, as applied to him. *Id.*, ¶¶ 3, 6. The matter has been fully briefed. For the reasons that follow, the Court will conditionally grant the Petition and order Van be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review on or before **December 19, 2025**. If Respondents fail to provide Van with a bond hearing by December 19, 2025, the WRIT SHALL ISSUE, and Van shall be released with conditions of supervision consistent with applicable law. To the extent Van seeks any additional habeas relief, that request will be denied.

---

[2]    The *Accardi* doctrine is a legal doctrine derived from the landmark Supreme Court case in administrative law, *United States et rel. Accardi v. Schaughnessy*, 347 U.S. 260 (1954). Under the *Accardi* doctrine, a government agency must follow its own regulations, rules, and procedures or run the risk of having their actions invalidated if challenged in court.

## I.    Factual Background

Van is a 45-year-old lawful permanent resident ("LPR") who has lived in the
United States since 1984.  ECF Nos. 1, ¶ 1; 1-4, ¶ 3.  He was born in 1980 near a
refugee camp in Thailand to Cambodian refugee parents.  ECF No. 1, ¶ 15.  In 1984,
Van entered the United States when he was four years old with his family as a
refugee.  *Id.*, ¶ 16.  His status was adjusted to that of a LPR on May 24, 1988.  ECF
No. 1-4, ¶ 4.

On June 25, 2018, in the Court of Common Pleas of Bucks County,
Pennsylvania, Van was convicted of two counts of manufacture, delivery or
possession with intent to manufacture or deliver in violation of 35 P.S. § 780-
113(a)(30), one count of criminal use of communication facility in violation of 18
Pa.C.S. § 7512(a), one count of conspiracy in violation of 18 Pa.C.S. § 903, and one
count of use or possession of drug paraphernalia in violation of 35 P.S. § 780-
113(a)(32).  ECF No. 1-14.  *See also* public docket *Commonwealth v. Van*, CP-09-CR-
0001628-2016, available at https://ujsportal.pacourts.us/Report/CpDocketSheet?
docketNumber=CP-09-CR-0001628-2016.  He was sentenced to an aggregate
sentence of 6.5 to 13 years confinement.  ECF No. 1, ¶ 20.

On April 2, 2021, while serving his prison sentence, the Department of
Homeland Security ("DHS") issued a Notice to Appear charging Van with being
removable having been convicted of an aggravated felony pursuant to INA §
101(a)(43)(B) and (U) and convicted of a controlled substance offense under INA §
237(a)(2)(B)(i).  ECF No. 1-4 at 5; ECF No. 1-14 at 4.

On June 2, 2021, Van appeared remotely from the State Correctional Institution – Phoenix for the removal hearing. ECF No. 1-14 at 4. During the hearing, he conceded he was removable, but denied DHS's allegation of his Cambodian citizenship and nationality. *Id*. The Immigration Judge found Van subject to removal as charged and ordered Van removed to Thailand or, in the alternative, Cambodia. ECF No. 1-5 at 3. Van did not appeal that decision and, as a result, the removal order became final on July 2, 2021. ECF No. 1-11 at 5, 6.

Two years later, in October 2023, Van was released from state custody on parole. ECF No. 1, ¶ 20. Upon his release, he was immediately transferred to ICE custody and moved to MVPC. *Id*., ¶ 23. Three months later, in January 2024, Van was released from ICE custody and placed under an Order of Supervision ("OSUP"), and there appears from the record to be no dispute that Van complied with all reporting requirements. *Id.,* ¶ 24.

Following a scheduled check-in with ICE on July 24, 2024, Van was told his OSUP would be revoked, *id*., ¶ 28, and was given a notice of appointment directing him to report back to ICE to be re-detained on August 15, 2024 "for the execution of your final removal order and removal to Cambodia[.]" ECF No. 1-8, at 2. Van appeared for the appointment on August 15, 2024 as required and was detained by ICE. ECF No. 1, ¶ 28. At that time, he was served with a Notice of Revocation of Release, dated August 14, 2024, stating he was being taken into ICE custody "pursuant to 8 CFR 241.13," as there were "changed circumstances" in his case and ICE had "determined that there is a significant likelihood of removal in the

4

reasonably foreseeable future[.]"  ECF No. 1-9 at 4.  Van was immediately transferred back to MVPC for a second time, where he continues to be detained.

About two weeks after being detained, on August 22, 2024, Van filed a motion to reopen his removal proceedings based on prior counsel's ineffective assistance of counsel.  ECF No. 1-11 at 5.  Van's motion to reopen was granted on September 6, 2024.  *Id.* at 11.  Thereafter, on December 4, 2024, Van filed a motion to terminate removal proceedings arguing the Government had failed to meet its burden of proving that Van's drug and conspiracy convictions were related to a controlled substance or qualified as "aggravating felonies" under section 237(a)(2).  ECF No. 1-12 at 3-5.  The Immigration Judge found the Government had met its burden and denied the motion on January 7, 2025 finding the charges of removability could be sustained.  *Id.* at 6.

An individual removal hearing was held the next month on February 12, 2025.  ECF No. 1-13.  At the close of the hearing, the Immigration Judge denied Van's applications for asylum, withholding of removal to Thailand and Cambodia, and protection under the Convention Against Torture, and again ordered Van to be removed to Thailand, with removal to Cambodia ordered in the alternative.  *Id*. at 9.

Van then filed a timely appeal of the removal order to the Board of Immigration appeals ("BIA"), which appeal was denied on September 22, 2025.  ECF No. 1-15 at 7.  The day after the denial of the appeal by the BIA, Van filed a petition for review with the Court of Appeals for the Third Circuit.  ECF No. 1-15;

*see* publicly available Court of Appeals docket, *Van v. Attorney General United States*, Case Number 25-2851, available at https://ca3-ecf.sso.dcn/cmecf/jsp/ CaseSummary.jsp (last viewed 12/4/2025). The appellate court granted a temporary stay of removal pending the appellate court's consideration of the motion for stay of removal. *See* CTA3 Order of 10/29/2025. As of the date of this writing, Van's appeal remains pending. *Id*.

## II.    Federal Habeas Proceedings

On September 26, 2025, three days after filing the petition for review with the Court of Appeals for the Third Circuit, counsel for Van filed the instant habeas petition under 28 U.S.C. § 2241. ECF No. 1. Van contends the Government's failure to comply with procedural requirements revoking his OSUP entitle him to be returned to supervised release status or, in the alternative, his prolonged detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment. ECF No. 1, ¶ 3. The Government[3] filed a response, ECF No. 12, to which Van filed a Reply, ECF No. 13.

The matter is fully briefed and ripe for disposition. For the reasons below, the Court finds as follows: (1) to the extent Van asserts he is entitled to release based on the Government's failure to comply with their own regulations governing the revocation of OSUPs, Van has not pointed to authority showing that the remedy for a violation of these regulations (if such a violation has occurred) is release from

---

[3]      When used in this Memorandum Opinion, "Government" refers to the federal entities and officials named as respondents in the petition.

detention; and (2) Van's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment, as applied to him. The Court will order that Van be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review on or before **December 19, 2025**. If Respondents fail to provide Van with a bond hearing by December 19, 2025, the WRIT SHALL ISSUE, and Van shall be released with conditions of supervision consistent with applicable law. To the extent Van seeks any additional habeas relief, that request will be denied.

## II.    Jurisdiction

Title 28, United States Code, Section 2241, grants federal courts the authority to hear habeas corpus petitions by noncitizens challenging the lawfulness or constitutionality of their detention by ICE. *Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). *See also Roe v. Oddo*, No. 3:25-cv-128, 2025 WL 1892445, at *4 (W.D. Pa. July 9, 2025) (holding that 8 U.S.C. § 1252(g) did not strip the court of jurisdiction since it was "examining the contest of Petitioner's detention" and not "reviewing Petitioner's removal order"), *reconsideration denied*, 2025 WL 3030692 (W.D. Pa. Oct. 30, 2025).

The Supreme Court of the United States has explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas relief applies to petitioners

seeking relief from executive detention but not to petitioners seeking to remain in the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 116-120 (2020).

The Government argues this Court does not have jurisdiction to hear Van's petition because 8 U.S.C. § 1252(g) does not allow district courts to assert jurisdiction over actions concerning the execution of removal orders. The Government is correct in that this Court does not have jurisdiction over the execution of removal orders. That said, the Court does have jurisdiction here because the instant petition does not challenge Van's removal, rather it raises due process claims related to his current detention.

## III.    Analysis

The apprehension, detention and release of aliens in pending administrative proceedings is governed by 8 U.S.C. § 1226(c). *Demore,* 538 U.S. 510. After *completion* of administrative removal proceedings, the detention and release of an alien who has been ordered removed then shifts and is governed by 8 U.S.C. § 1231(a). *Id.*; *Zadvydas,* 533 U.S. at 683 (referring to § 1231 as the "post-removal-period detention statute").

Section 1231(a)(1), which specifies when the post-removal period commences, provides in pertinent part:

> **(A) In general**
>
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall

remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

**(B) Beginning of period**

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(A)-(B). Because the Court of Appeals for the Third Circuit granted a stay of the February 25, 2025 removal order pending Van's appeal, the removal period has not yet commenced. 8 U.S.C. § 1231(a)(1)(B)(ii); 8 CFR 1241.1. As a consequence, Van's current detention reverts to the pre-removal period statute, 8 U.S.C. § 1226, rather than the post-removal-period statute, 8 U.S.C. § 1231.

Understanding this context and that Van is presently detained pursuant to § 1226, his arguments for release and/or a bond hearing will now be addressed in turn.

### A.    *Accardi* Doctrine and the Administrative Procedure Act

Van's first argument is that ICE violated certain regulations which govern the revocation of orders related to immigration supervision. ECF Nos. 1, ¶¶ 54, 58, 61, 65, 69. Under the *Accardi* doctrine, when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. *See United*

*States ex rel. v. Accardi v. Shaughnessy,* 347 U.S. 260, 268 (1954); *see also Roble v. Bondi,* No. 25-cv-3196, 2025 WL 2443453, at *3 (D. Minn. Aug. 25, 2025) ("Once ICE releases a noncitizen on an Order of Supervision, ICE's ability to re-detain that noncitizen is constrained by its own regulations.").

Van argues ICE failed to comply with its own regulatory procedural requirements in various way:

- He has not been provided adequate notification of the reasons for revocation of release in violation of 8 C.F.R. § 241.13(i)(3); ECF No. 1, ¶¶ 61-64;

- He has not been afforded a prompt "initial informal review" as required by 8 C.F.R. § 241.13(i)(3); *id.*, ¶¶ 65-68; and

- The Government "did not validly comply with 8 C.F.R. § 241.13(i)(2) in revoking Mr. Van's release because it skipped the statutory requirement under 8 U.S.C. § 1231(b)2) to first pursue removal to Thailand," rather than the alternative Cambodia; *id.*, ¶¶ 69-75.

Van contends these procedural violations render his re-detention invalid under the *Accardi* doctrine and constitute a violation of his due process rights. ECF No. 1 at 12-18.  The Government responds that Van "offers the Court no objective

proof or evidence in support of his claim" and furthermore, the claims are without merit.  ECF No. 12 at 7, 9, 12.

While some procedural violations may, in some circumstances, rise to the level of a due process violation, the Court concludes that Van has not shown that the alleged violations here, if they did constitute violations of those regulations, rise to the level of a due process violation and/or would independently entitle Van to a grant of habeas relief in the form of release from detention.  *But see Santamaria Orellana v. Baker*, Case No. CV 25-1788, 2025 WL 2444087, at *6-8 (D. Md. Aug. 25, 2025) (finding violations rose to the level of a due process violation as "there [wa]s absolutely no record of the decision to revoke Santamaria Orellana's release, much less one that was presented to him" in writing or otherwise.) (internal citations omitted). Therefore Van is not granted relief on this basis.

## B.    Van's Prolonged Detention Violates Due Process under *German Santos*

Van's second argument is that his prolonged detention without a bond hearing since August 15, 2024 violates the Due Process Clause of the Fifth Amendment, as applied to him.  ECF No. 1, at 19-25.  He requests this Court to conduct a bond hearing or order an individualized bond hearing before an immigration judge.  *Id.* at 1, 26.  The Government argues Van's petition should be denied as he is being detained under 8 U.S.C. § 1226(c), which requires the detention of certain noncitizens on statutorily defined criminal or national security grounds during their removal proceedings.  ECF No. 12, at 11-17.

### 1.  There is No Statutory Basis to Order A Bond Hearing

Because Van is detained under 1226(c), his detention is mandatory under the statute.  Title 8, United States Code, section 1226, distinguishes between two categories of removable noncitizens:  those held under section 1226(a) who may be released on conditional parole, and those held under section 1226(c), which permits conditional parole only if release is necessary for witness protection purposes and the noncitizen can demonstrate they are neither a danger to their community nor a flight risk.  *See Jennings,* 583 U.S. at 288-89.  "[A]n alien detained under § 1226(a) must be afforded a bond hearing before an immigration judge to determine if the alien's detention is necessary while he or she awaits immigration proceedings." *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 214 (3d Cir. 2018) *abrogated on other grounds by Johnson v. Arteaga-Martinez,* 596 U.S. 573 (2022). In contrast,  Section 1226(c)'s mandatory detention of certain persons, including noncitizens convicted of certain enumerated crimes, does not require a hearing to begin or continue a noncitizen's detention under that statute.  *See* 8 U.S.C. § 1226(c); *see also Jennings*, 583 U.S. at 288.  Under section 1226(c), the Government is required to detain certain noncitizens pending a final removal decision.  *See Jennings*, 583 U.S. at 303. Given the mandatory detention requirement of subsection (c), the Court finds there is no statutory basis to grant Van a bond hearing.

### 2.    Van is Nonetheless Entitled to Habeas Relief

Even though Van's detention is mandatory under § 1226(c), *Jennings* does not prevent the Court from awarding habeas relief where Van's detention without a bond hearing has become so unduly prolonged that it renders § 1226(c) unconstitutional as applied to him.[4]

The Due Process Clause of the Fifth Amendment to the United States Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  It is settled law that the Due Process clause applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas,* 533 U.S. at 693.  "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty [the Due Process] Clause protects."  *Id.* at 690.  While certain constitutional protections do not extend outside the "geographic borders" of the United States, "legal circumstances change" as soon as a noncitizen "enters the country."  *Id.* at 693; *see also A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) ("'[T]he Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.'") (quoting *Trump v. J.G.G.*, 145 S. Ct. 103, 1006 (2025) (per curiam)).

---

[4]    In *Jennings*, the Supreme Court rejected the conclusion that § 1226(c) contained an implicit reasonableness limitation.  However, the *Jennings* decision did not call into question the constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long.

In this case, Van argues his prolonged detention without a bond hearing constitutes a violation of due process. The Court agrees.

In *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the Court of Appeals for the Third Circuit recognized that "an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause [of the Fifth Amendment]." The determination of whether Van's prolonged detention is unreasonable is a "highly fact-specific inquiry." *German Santos*, 965 F.3d at 210 (internal citations and quotation marks omitted). To aid in this inquiry, the Court of Appeals for the Third Circuit has identified four factors for consideration: (1) the duration of the petitioner's detention; (2) the likelihood of continued detention; (3) the reasons for any delay; and (4) the conditions of the petitioner's confinement. *Id*. at 212. Van argues the four *German Santos* factors favor his request for a bond hearing; the Government, disagrees. These factors, and the arguments of each party, will be considered in order.

### i.      Duration:

To begin, the first and most important factor – the length of detention – weighs in Van's favor. He has been detained continuously since August 15, 2024, over 15 months at the time of this writing. The Government argues that this period of detention is not unreasonable. ECF No. 12 at 12. The Court disagrees.

The Court recognizes that Van's 15-month detention without a bond hearing falls well within the range where courts have held that delays start to become

unreasonable. *See Zadvydas v. Davis*, 53 U.S. 678, 701 (2001) (prescribing the presumptively reasonable time period as six months); *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *German Santos*, 965 F.3d at 211 (citing *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) (six-month to one-year period triggered a bond hearing)); *see also Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 234 (3d Cir. 2011) (mandatory detention becomes "more and more suspect" after five months), *overruled on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Accordingly, this factor weighs in favor of granting habeas relief.

### ii.    Likelihood of Continued Detention:

The second factor – the likelihood of continued detention – also weighs in favor of Van.  Here, the habeas court must consider "whether the detention is likely to continue." *German Santos*, 965 F.3d at 211.  When a noncitizen's removal proceedings "are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Id*.  The Government argues "Petitioner's detention accords with the purpose of 8 U.S.C. § 1226(c), which is 'preventing criminal [noncitizens] [like him] from fleeing prior to or during their removal proceedings[.]'"  ECF No. 12 at 13-14.

Van responds that his detention is likely to continue during the pendency of his pending Petition for Review before the Court of Appeals.  ECF No. 13 at 5-6 (citing *Davydov v. Doll*, No. 1:19-cv-2110, 2020 WL 969618, at *5 (M.D. Pa. Feb. 28, 2020) (noting, *inter alia,* that the undefined period of further detention due to a pending Petition for Review weighed in favor of granting habeas relief)).

15

As stated previously, Van filed a petition for review with the Court of Appeals for the Third Circuit. ECF No. 1-15; *see also* publicly available Court of Appeals docket, *Van v. Attorney General United States*, Case Number 25-2851, available at https://ca3-ecf.sso.dcn/cmecf/jsp/CaseSummary.jsp (last viewed 12/4/2025). On October 29, 2025, the appellate court granted a temporary stay of removal pending the appellate court's consideration. *Id.* As of the date of this writing, Van's appeal has yet to be fully briefed by the parties and remains pending without a briefing schedule issued. *Id.* As a result, the Court cannot reasonably determine how long the petition will be pending before the Court of Appeals.

Given these facts, the Court finds this factor also weighs heavily in favor of granting habeas relief.

### iii.    Reason for Delay:

The third factor – the reasons for the delay – is neutral. Here, the habeas court must consider "the reasons for the delay, such as a detainee's request for continuances" and must "ask whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay." *German Santos*, 965 F.3d at 211 (quoting *Diop*, 656 F.3d at 234).

Courts are not to "hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings" because delays while he exercises the rights afforded to him by statute cannot be held against him. *German Santos*, 965 F.3d at 211 (citing *Chavez-Alvarez*, 783 F.3d

16

at 476-77).  Similarly, any legal errors by the Government should not be held against the Government unless there is evidence of carelessness or bad faith.  *Id*.

The Government contends it has not taken any unnecessary action to prolong Van's detention.  Van' immigration proceedings have progressed through the agency process without any bad-faith delays attributable to the Government.  ECF No. 12 at 14.

Here, the Court finds the record supports the conclusion that neither party is responsible for the sort of unreasonable or bad faith delays contemplated by the Court of Appeals in *German Santos*.  As a result, this factor is neutral.

### iv.    Conditions of Confinement:

The fourth and final factor – whether the conditions of Van's confinement are "meaningfully different" from criminal punishment – favors Van.  As explained above, Van has been detained at MVPC for over 15 months.  He has submitted a declaration, subject to penalty of perjury, in which he asserts the conditions at MVPC "feel the same as criminal custody."  ECF No. 1-3, ¶ 16.  These conditions include:

- living in a pod with 60 other detainees, *id.,* ¶ 17;

- limited access to time spent outside of his pod; *id*.;

- when going to recreational activities, he must go through a metal detector and pat downs.  When having visitors, he is not allowed to make physical contact with them and can only see visitors through a plexiglass wall, *id*.;

- ongoing fights in his pod and violent interactions, *id.*, ¶ 18;

- the possibility of being placed in solitary confinement, *id.*, ¶ 19.

- lack of sleep due to air conditioning being turned off at night, *id.*, ¶ 20; and

- lack of appropriate medical care, *id.*, ¶ 22.

The Government responds that MVPC only houses individuals detained for immigration purposes and his conditions "are no different from hundreds of other detainees and are not akin to criminal punishment." ECF No. 12 at 16. According to the Government, Van "is being held at an immigration-specific processing center, in accordance with Section 1226(c), while his immigration case proceeds and any removal is finalized, and is *not* in a prison serving a criminal punishment. And unlike the petitioner in *German Santos*, Petitioner is not confined to his cell for twenty-three hours per day." *Id.* (emphasis in original). The Government further represents that MVPC

> has areas designed as classrooms, craft rooms, a law library and general library, and program areas. Each housing unit has a dayroom equipped with tables, chairs, televisions, telephones, electronic tablets, and board and card games. Detainees have access to recreation and leisure time areas for multiple hours each day and can participate in a voluntary work program outside their housing unit. The detainees can also communicate with family members and friends via email, engage in video visits, and download music and videos. Visitation is also permitted.

*Id.* at 16-17 (internal citations omitted).

18

The Court finds Van, who is detained and not free to leave MVPC, has provided sufficient, persuasive evidence in his declaration that his conditions of confinement are akin to carceral conditions.  Accordingly, this factor weighs in favor of granting habeas relief.

In sum, three factors – the duration of detention, the likelihood of continued detention, and the detainee's conditions of confinement – weigh in favor of granting habeas relief, and one factor – the reasons for the delay – is neutral.

Van has shown that the factors set forth in *German Santos* balance in favor of the conclusion that his detention under 8 U.S.C. § 1226(c) without an individualized bond hearing has become unreasonable and that his continued detention with no process at all, violates his rights under the Due Process Clause of the Fifth Amendment.

## V.     Conclusion

Van has been detained for over 15 months, "an unreasonably long time, and there is no end in sight."  *German Santos*, 965 F.3d at 213.  The Court finds Van's prolonged detention under § 1226(c) without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment.  The Petition will be conditionally granted to the extent Van is requesting he be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review. If Respondents fail to provide Van with a bond hearing by **December 19, 2025**, the WRIT SHALL ISSUE, and Van shall be released with conditions of supervision

consistent with applicable law.  To the extent Van seeks any additional habeas relief, same will be denied.

The Court reiterates is not making any recommendation whatsoever regarding Van's ultimate detention or release.  Rather the Court finds, after more than 15 months in immigration custody and no clear end to removal proceedings in sight, that Van's detention has been unduly prolonged and he is therefore entitled to a bond hearing.  Affording such process, after such a prolonged detention, is consistent with the Fifth Amendment's guarantees.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241.  *Muza v. Werlinger*, 415 F. App'x 355, 357 n.1 (3d Cir. 2011).  *See also* 28 U.S.C. § 2253(c)(1).  Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows

DATED this 5th day of December, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    All Counsel of Record
       (via ECF electronic notification)