IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| SEREYRATH VAN, <br><br>             Petitioner, <br><br> vs. <br><br> LEONARD ODDO, IN HIS OFFICIAL CAPACITY AS WARDEN OF MOSHANNON VALLEY PROCESSING CENTER; BRIAN MCSHANE, IN HIS OFFICIAL CAPACITY AS ACTING FIELD OFFICE DIRECTOR OF THE IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS PHILADELPHIA FIELD OFFICE; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; AND PAM BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, <br><br>             Respondents. | Civil Action No. 3:25-cv-00322 <br><br> United States Magistrate Judge Christopher B. Brown |

**MEMORANDUM ORDER DENYING MOTION FOR RECONSIDERATION, ECF NO. 20**

**Christopher B. Brown, United States Magistrate Judge**

**I.  Background**

On December 5, 2025, the Court conditionally granted the Petition for Writ of Habeas Corpus filed by Petitioner Sereyrath Van.  ECF Nos. 15 and 16.  In that determination, the Court made two findings:  (1) Van had not shown that ICE's

alleged failure to comply with its own regulatory procedural requirements rose to the level of a due process violation and/or would independently entitle Van to a grant of habeas release in the form of release from detention, ECF No. 15 at 11, and (2) even though Van's detention under 8 U.S.C. § 1226(c) was mandatory, his prolonged detention without a bond hearing constituted a violation of his due process rights. *Id.* at 13 – 19. Respondents were ordered to provide Van a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review on or before December 19, 2025. ECF No. 16 at 2. A Judgment Order was entered on December 5, 2025 and the case was closed. ECF No. 17.

On December 22, 2025, the parties notified the Court that on December 19, 2025, an Immigration Judge held a custody redetermination hearing for Van and denied bond. ECF No. 19.

Eleven days later, on January 2, 2026, Van, through counsel, filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) asking the Court to reconsider its December 5, 2025 decision only insofar as the Court did not make factual findings as to whether Respondents had violated their own regulations when re-detaining Van. ECF No. 21, at 2. Van, as he did in his original Petition, again argues the Respondents' procedural violations justify his immediate release. *Id.* He argues reconsideration is necessary "to correct a clear error of law and prevent manifest injustice." *Id.* at 1.

Respondents filed a response on February 4, 2026 and cite two factual developments that occurred after the Court's December 5th Order, which they argue

have the effect of mooting Van's entire claims. ECF No. 25. First, on December 24, 2025, the Court of Appeals lifted its temporary stay of Van's removal order, which has the effect of Van now being detained under 8 U.S.C. § 1231(a). ECF No. 25-1. *See also* publicly available Court of Appeals docket, *Van v. Attorney General United States*, Case Number 25-2851, available at https://cta3-ecf.sso.dcn/cmecf/jsp/CaseSummary.jsp (last viewed 2/11/2026). And the following month, on January 21, 2026, the Court of Appeals denied Van's request to stay the removal order. *Id.* The motion is ripe for resolution.

## II.    Legal Standard – Fed. R. Civ. P. 59(e)

Motions for reconsideration are normally decided under Federal Rule 59(e), regarding motions to alter or amend a judgment, or 60(b) addressing motions for relief from a final judgment. B*lack Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC*, Civil Action No. 15-50, 2021 WL 4751746, at *3 (W.D. Pa. Oct. 12, 2021) (quoting *In re Nat'l Forge Co.*, 326 B.R. 532, 541 (W.D. Pa. 2005)). A motion under Rule 59(e), like one under Rule 60(b), is not a device to relitigate a matter. *See Heath v. Superintendent Frackville SCI*, 582 F. App'x 82, 85 (3d Cir. 2014). Rather, it is a remedy to be used in limited circumstances "to correct manifest errors of law or fact." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

### III. Discussion

The substance of Van's motion for reconsideration actually asks the court to review the same argument previously made and reach a different conclusion. Van argues "intervening decisions from district courts around the country, overwhelmingly support Petitioner's position that Respondents violated his due process rights when they failed to follow their own regulations." ECF No. 21 at 7. Van cites to six cases, none of which the Court notes were decided by the Court of Appeals for the Third Circuit, or any district court within the Third Circuit. Respondents counter Van's claims are moot because they are concerned with detention under 8 U.S.C. § 1226(c) and Van is now subject to mandatory detention under 8 U.S.C. § 1231(a).

The Court finds reconsideration is not appropriate for two reasons. First, despite Van's assertion to the contrary, the Court specifically found Van had not shown that ICE's alleged failure to comply with its own regulatory procedural requirements rose to the level of a due process violation and/or would independently entitle Van to a grant of habeas release in the form of release from detention, ECF No. 15 at 11. Van provides numerous cases where a district court ordered a detainee released when it was determined ICE had failed to comply with its own regulatory procedural requirements. The cases cited by Van either are not factually on point or are not precedential to this Court. This Court has now had the opportunity to review a plethora of petitions for writ of habeas corpus filed by non-citizen immigration detainees and every case varies greatly in its factual

4

circumstances. Van has not persuaded the Court that its December 5, 2025, decision needs to be reexamined.

And second, as Respondents correctly point out, when Van commenced this action, he was subject to pre-final order detention and was detained under 8 U.S.C. § 1226(c). However, after the Court of Appeals vacated the temporary stay of removal, Van is now subject to post-final order detention and is detained under 8 U.S.C. § 1231(a). *See Rodney v. Mukasey*, 340 F. App'x 761, 764-65 (3d Cir. 2009) (finding that the change in the procedural posture of the case from pre-final order to post-final order mooted petitioner's challenge to pre-final detention under § 1226(c) because the "injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c) can no longer be redressed by a favorable decision."). Accordingly, any claims challenging Van's detention under § 1226(c) are moot. Van is permitted to file a new section 2241 petition at a new case number challenging his final post-removal detention under 8 U.S.C. § 1231(a). *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Consequently, Van's motion for reconsideration is **DENIED**.

**So ORDERED** this 12th day of February, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc: All counsel of record
(via ECF electronic notification)